UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

COMPLEXIONS, INC. d/b/a
COMPLEXIONS DAY SPA,

                               Plaintiff,

           v.                                       09-CV-1402

INDUSTRY OUTFITTERS, INC., a
corporation formed under the laws
of the State of Florida,
INDUSTRY OUTFITTERS, INC., a
corporation formed under the laws of
Canada, GREENBANK CUSTOM
WOODWORKING, LTD.,

                               Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

GREENBANK CUSTOM
WOODWORKING, LTD.,

                               Third-Party Plaintiff,

           v.

ZYTEK, INC.,

                               Third-Party Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

THOMAS J. McAVOY
Sr. U.S. District Judge

## **DECISION and ORDER**

        Before the Court is Plaintiff's motion for a default judgement under Fed. R. Civ. P.

55(b)(2) against the corporate Defendants Industry Outfitters, Inc., a corporation formed

under the laws of the State of Florida (hereinafter "Industry Outfitters - Florida") and

Industry Outfitters, Inc., a corporation formed under the laws of Canada (hereinafter "Industry Outfitters - Canada"). For the following reasons, Plaintiff's motion is granted.

The instant action was commenced against Industry Outfitters - Florida on December 17, 2009. By the parties' stipulation, the Court allowed an amended complaint against both Industry Outfitters - Florida and Industry Outfitters - Canada. The Court granted leave for Plaintiff to file a second amended complaint that was filed on July 15, 2010. At that time, Industry Outfitters - Florida and Industry Outfitters - Canada were represented by counsel. Thereafter, Defendants' counsel moved to withdraw. The Court granted their motion on August 6, 2010. No new counsel for Defendants have since appeared to defend this action. The Clerk entered a default against Defendants on January 26, 2011. Plaintiff now moves for a default judgment.

Upon default, a defendant is deemed to have admitted all of the well-pleaded allegations in the complaint pertaining to liability. Cotton v. Slone, 4 F.3d 176, 181 (2d Cir. 1993); Greyhound Exhibitgroup, Inc., v. E.L.U.L. Realty Corp., 973 F.2d 155, 158 (2d Cir. 1992). Plaintiff's well-pleaded allegations in the complaint show that this is a contract action arising from an agreement entered into by Plaintiff and Defendants, in which Defendants agreed to design, finish and install custom cabinetry, display cases, desks and other items, at Plaintiff's day spa facility. In exchange for Defendants' services, Plaintiff agreed to pay $231,000.00. Defendants delivered and installed the items and Plaintiff paid in accordance with the agreement. After payment and delivery, the goods delaminated and the veneer failed, thus rendering the goods non-compliant with the agreement. Plaintiff provided Defendants with notice of the non-compliant condition of the goods, but Defendants failed to repair or replace the defective goods or refund the labor cost. Accordingly, Defendants'

failure to repair or correct the non-compliant goods constitutes a breach of the parties' agreement.

"While a default judgment constitutes an admission of liability, the quantum of damages remains to be established by proof unless the amount is liquidated or susceptible of mathematical computation."  Flaks v. Koegel, 504 F.2d 702, 707 (2d Cir. 1974).  Plaintiff must establish the damages "in an evidentiary proceeding in which the defendant has the opportunity to contest the amount."  Greyhound Exhibitgroup, 973 F.2d at 158; Overcash v. United Abstract Group, Inc., 549 F.Supp.2d 193, 196 (N.D.N.Y. 2008) ("[E]ven upon default, a court may not rubber-stamp the non-defaulting party's damages calculation, but rather must ensure that there is a basis for the damages that are sought.").  "The burden is on the plaintiff to establish its entitlement to recovery."  Bravado Int'l Group Merch. Servs. v. Ninna, Inc., 655 F.Supp.2d 177, 189 (E.D.N.Y. 2009); Greyhound Exhibitgroup, 973 F.2d at 158, 160.  Plaintiff requests a hearing to assess the damages against Defendants because their damages are unliquidated.

For the foregoing reasons, Plaintiff's motion for default judgment and request for a hearing on the issue of damages is **GRANTED**.  The Clerk of the Court shall set a date for the hearing with notice to Defendants.

IT IS SO ORDERED.

Dated: March 2, 2011

*[signature]*
Thomas J. McAvoy
Senior, U.S. District Judge