**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**COMPLEXIONS, INC. d/b/a**
**COMPLEXIONS DAY SPA,**

                              **Plaintiff,**

   vs.                                                                              1:09-CV-1402
                                                                             (MAD/DRH)

**INDUSTRY OUTFITTERS, INC., a corporation**
**formed under the laws of the State of Florida,**

                              **Defendant,**

**and**

**INDUSTRY OUTFITTERS, INC., a corporation**
**formed under the laws of Canada,**

                              **Defendant,**

**and**

**GREENBANK CUSTOM WOODWORKING, LTD.,**

                              **Defendant.**
_____

**GREENBANK CUSTOM WOODWORKING, LTD.,**

                              **Third-Party Plaintiff,**

   vs.

**ZYTEK, INC.,**

                              **Third-Party Defendant.**
_____

**APPEARANCES:**                                          **OF COUNSEL:**

BREAKELL LAW FIRM, P.C.                         Paul C. Marthy, Esq.
10 Airline Drive                                            Walter G. Breakell, Esq.
Albany, New York 12205
*Attorneys for Plaintiff*

| | |
|---|---|
| LeCLAIR RYAN<br>830 Third Avenue<br>5th Floor<br>New York, New York 10022<br>*Attorneys for Defendant*<br>*Industry Outfitters, Inc.* | Jeffrey M. Zalkin, Esq. |
| TOMASELLI LAW OFFICES<br>P.O. Box 97<br>Poestenkill, New York 12140<br>*Attorneys for Defendant/Third*<br>*Party Plaintiff*<br>*Greenbank Custom Woodworking, Ltd.* | Patrick J. Tomaselli, Esq. |
| GIBSON, McASKILL LAW FIRM<br>69 Delaware Avenue<br>Suite 900, Chemical Bank Building<br>Buffalo, New York 14202<br>*Attorneys for Third Party Defendant*<br>*Zytek, Inc.* | Victor Oliveri, Esq. |

**Mae A. D'Agostino, U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

Plaintiff Complexions, Inc. d/b/a Complexions Day Spa ("Complexions" or "plaintiff") commenced this action against defendants Industry Outfitters, Inc. of Florida and Canada ("Industry Outfitters") and Greenbank Custom Woodworking, Ltd. ("Greenbank" or "third-party plaintiff") for breach of contract and breach of warranty. Greenbank commenced a third-party action against Zytek, Inc., ("Zytek" or "third-party defendant") alleging breach of warranty, breach of contract and seeking indemnification.

Presently before the Court is Greenbank's motion pursuant to Fed. R. Civ. P. 60 and Local Rule 7.1(g) for reconsideration (Dkt. No. 80) of a portion of this Court's August 9, 2011 Memorandum-Decision and Order. (Dkt. No. 79). Specifically, Greenbank seeks an amendment/clarification of the prior Order allowing Greenbank to obtain additional jurisdictional discovery from Third-Party Defendant, Zytek. Zytek has opposed the motion. (Dkt. No. 81).

Familiarity with the facts of this case is assumed based on this Court's previous Memorandum-Decision and Order ("MDO"). Complexions, Inc. v. Industry Outfitters, Inc., 09-CV-1402, Dkt. No. 79 (Aug. 9, 2011). The factual background of the present action was fully set forth in the Court's prior Memorandum-Decision and Order and will not be repeated herein. On Zytek's prior motion to dismiss, Greenbank opposed the motion and requested jurisdictional discovery of Zytek revenue records. With regard to this issue, the Court held:

> Whether to permit discovery or to resolve the jurisdictional issue is for this court to decide. *Marine Midland Bank,* 664 F.2d at 904. In the Second Circuit, district courts have allowed jurisdictional discovery where a plaintiff has made less than a *prima facie* showing but has demonstrated "a sufficient start toward establishing personal jurisdiction.". *Hollenbeck v. Comeq, Inc*., 2007 WL 2484299, at *2 (N.D.N.Y. 2007); *see also Drake v. Lab. Corp. of Am. Holdings*, 2007 WL 776818, at *9 (E.D.N.Y. 2007) (citing *Aerotel, Ltd. v. Sprint Corp*., 100 F.Supp.2d 189, 194 (S.D.N.Y. 2000) (denying motion to dismiss to permit plaintiff to take jurisdictional discovery despite plaintiff's "conclusory" allegations)).
>
> Presently, there is not enough evidence in the record to conclude that it would be appropriate to exercise jurisdiction over third-party defendant. Specifically, there is a dearth of information regarding third-party's business relationships with New York. Moreover, there is insufficient evidence regarding the revenue that Zytek derived from commerce within Canada and outside Canada. *See Traver*, 233 F.Supp.2d at (the plaintiff was permitted to serve interrogatories upon the defendant regarding the subject sale and contract and for financial statements from 1998 to present). The 2007-2008 figure provided in Schock's affidavit does not indicate what percentage of Zytek's sales were to countries other than the United States. "[S]ection 302(a)(3)(ii) does not require that the substantial revenue from international commerce be linked to New York or the United States.". *Traver*, 233 F.Supp.2d at 413 ("this prong is intended to preclude the exercise of personal jurisdiction over non-domiciliaries 'whose business operations are of a local character.'") (citing *inter alia Bensusan Rest. Corp. v. King*, 126 F.3d 25, 29 (2d Cir. 1997)). Plaintiff's complaint was filed in 2009 and the third-party complaint was filed in 2010. Thus, the Court finds it necessary to consider third-party defendant's revenues from 2008 (the time of the transaction) until 2010 (the date of the filing of the third-party complaint). *See id.* at 414.

> Accordingly, third-party defendant's motion for dismissal pursuant to Rule 12(b)(2) is denied with leave to renew upon completion of jurisdictional discovery including whether personal jurisdiction over third-party defendant would comport with due process.

Greenbank argues that the aforementioned time frame, "is insufficient as Third-Party Defendant had sold its assets to another company and effectively ceased doing business in September 2008". Therefore, Greenbank argues that the Court should reconsider it's prior ruling and permit Greenbank to obtain additional jurisdictional discovery for a period of two years prior to the sale of the glue at issue (2006 through 2008). Zytek opposes the motion and argues that Greenbank failed to identify any clerical mistake or oversight as required by Rule 60.

Greenbank seeks relief based upon Rule 60 but fails to specify whether the motion is based upon 60(a) or 60(b). "[A] motion to reconsider should not be granted where the moving party seeks solely to relitigate an issue already decided". *Shrader v. CSX Transp., Inc*., 70 F.3d 255, 257 (2d Cir.1995).

Rule 60(a) of the Federal Rules of Civil Procedure provides:

> Corrections Based on Clerical Mistakes; Oversights and Omissions. The court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record. The court may do so on motion or on its own, with or without notice.

Rule 60(b) provides that, upon a motion and just terms, the court may relieve a party from a final judgment, order or proceeding for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence ...;
> (3) fraud ... misrepresentation, or other misconduct of an adverse party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged ... or
> (6) any other reason justifying relief from the operation of the judgment.

Greenbank fails to cite to any caselaw or authority for the relief sought herein and has not met the burden of establishing that they are entitled to any relief under Rule 60. Disagreement with this Court's ruling is not the basis for reconsideration. *See Concerned Citizens of Chappaqua v. U.S. Dep't of Transp.*, 2009 WL 1158966, at *2 (S.D.N.Y. 2009). Nothing in Greenbank's motion papers establish extraordinary circumstances warranting relief under Rule 60. Accordingly, Greenbank's request to reconsider is DENIED.

## CONCLUSION

Accordingly, it is hereby

**ORDERED**, that third-party plaintiff's motion to reconsider and clarify the Court's prior Order (Dkt. No. 80) is **DENIED.**

**IT IS SO ORDERED.**

Dated: October 20, 2011

_____
Mae A. D'Agostino
U.S. District Judge