**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**COMPLEXIONS, INC. d/b/a**
**COMPLEXIONS DAY SPA,**

                              **Plaintiff,**

  vs.                                                   1:09-CV-1402
                                                                 (MAD/DRH)

**INDUSTRY OUTFITTERS, INC., a corporation**
**formed under the laws of the State of Florida,**

                              **Defendant,**

**and**

**INDUSTRY OUTFITTERS, INC., a corporation**
**formed under the laws of Canada,**

                              **Defendant,**

**and**

**GREENBANK CUSTOM WOODWORKING, LTD.,**

                              **Defendant.**
_____

**GREENBANK CUSTOM WOODWORKING, LTD.,**

                              **Third-Party Plaintiff,**

    vs.

**ZYTEK, INC.,**

                              **Third-Party Defendant.**
_____

**APPEARANCES:**                      **OF COUNSEL:**

BREAKELL LAW FIRM, P.C.       Paul C. Marthy, Esq.
10 Airline Drive                        Walter G. Breakell, Esq.
Albany, New York 12205
*Attorneys for Plaintiff*

| | |
|---|---|
| LeCLAIR RYAN<br>830 Third Avenue<br>5th Floor<br>New York, New York 10022<br>*Attorneys for Defendant*<br>*Industry Outfitters, Inc.* | Jeffrey M. Zalkin, Esq. |
| TOMASELLI LAW OFFICES<br>P.O. Box 97<br>Poestenkill, New York 12140<br>*Attorneys for Defendant/Third*<br>*Party Plaintiff*<br>*Greenbank Custom Woodworking, Ltd.* | Patrick J. Tomaselli, Esq. |
| GIBSON, McASKILL LAW FIRM<br>69 Delaware Avenue<br>Suite 900, Chemical Bank Building<br>Buffalo, New York 14202<br>*Attorneys for Third Party Defendant*<br>*Zytek, Inc.* | Victor Oliveri, Esq. |

**Mae A. D'Agostino, U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

## INTRODUCTION

Plaintiff Complexions, Inc. d/b/a Complexions Day Spa ("Complexions" or "plaintiff") commenced this action against defendants Industry Outfitters, Inc. of Florida and Canada ("Industry Outfitters") and Greenbank Custom Woodworking, Ltd. ("Greenbank" or "third-party plaintiff") for breach of contract and breach of warranty.[1]  Greenbank commenced a third-party

---

[1] On December 17, 2009, plaintiff filed a complaint in this action. (Dkt. No. 1).  On March 22, 2010, plaintiff filed an amended complaint. (Dkt. No. 12).  On July 15, 2010, plaintiff filed a second amended complaint. (Dkt. No. 27).

2

action against Zytek, Inc.[2], ("Zytek" or "third-party defendant") alleging breach of warranty, breach of contract and seeking indemnification.[3]

## PROCEDURAL HISTORY

On February 11, 2011, plaintiff moved for a default judgment against Industry Outfitters. (Dkt. No. 58).  On March 2, 2011, Senior United States District Judge Thomas J. McAvoy issued a Decision and Order granting the motion. (Dkt. No. 64).  The Court noted that, "[p]laintiff requests a hearing to assess the damages against defendants because their damages are unliquidated".  Therefore, the Court directed the Clerk of the Court to set a date for the hearing on the issue of damages with notice to defendants.

On March 25, 2011, before the hearing was scheduled, third party defendant, Zytek, moved for the following relief: (1) dismissal of the third-party complaint for lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2) or, in the alternative; (2) dismissal of the third-party complaint for insufficient service of process or, in the alternative; (3) dismissal of the third-party complaint pursuant to 1312(a) of the New York Business Corporation Law or, in the alternative; (4) dismissal of the third-party complaint based upon the doctrine of *forum non conveniens*.  (Dkt. No. 70).  On August 9, 2011, this Court issued a Memorandum-Decision and Order denying Zytek's motion in its entirety.  (Dkt. No. 79).  On October 20, 2001, this Court issued a second Memorandum-Decision and Order denying Zytek's motion to reconsider. (Dkt. No. 86).  In March 2012, plaintiff, Greenback and Zytek reached a settlement.  Third party

---

[2] Third-party defendant asserts that the correct name is "580090 Ontario Inc." and that third-party defendant has been incorrectly sued as Zytek.  However, the caption has not been amended and thus, the Court will refer to third-party defendant as Zytek.

[3] On November 19, 2010, Greenbank filed a third-party complaint. (Dkt. No. 46). On March 11, 2011, Greenbank filed an amended third-party complaint.  (Dkt. No. 65).

3

defendant Zytek paid plaintiff $70,000. Zytek also paid Greenbank $10.00 to settle the action. (Dkt. No. 90).

On April 2, 2012, the Court issued a Text Order scheduling oral argument with respect to plaintiff's damages as against defendants Industry Outfitters, Inc. FL and Industry Outfitters, Inc. The Court directed plaintiff to serve any brief in support of their calculations on or before June 25, 2012. On April 10, 2012, defendant was served with a copy of the Court's Text Order via First Class Mail and BCL § 306. (Dkt. Nos. 94 and 95).

On June 25, 2012, plaintiff submitted a brief in support of it's calculations of damages. (Dkt. No. 96). As part of the inquest submission, plaintiff provided a declaration from Anthony Mantello, president of Mantello Construction Services, Inc. and a declaration from Lief Larsen, president of MMC Millwork. A certificate of service indicates that plaintiff served a copy of the submission upon defendant. Defendant did not file any opposition papers. On July 2, 2012, the Court held an inquest hearing to determine the amount, if any, of plaintiff's damages. Defendants failed to appear. At the completion of the hearing, the Court issued a Text Order directing plaintiff to provide the Court with the following documentation/information: (1) contract(s) and/or purchase order(s); (2) photographs; and (3) letter/correspondence from Todd McClurg.

On July 13, 2012, plaintiff provided a Supplemental Affidavit in Support of Damages with the additional information and documentation. (Dkt. No. 98).

## FACTS

Anthony Mantello ("Mantello"), President of A. Mantello Construction Services, Inc., was construction manager for Complexions in connection with a project in 2007 and 2008 at 221 Wolf Road in Colonie, New York. Mantello was the manager for the original project and the repair/replacement project. The project involved the installation of new custom cabinetry,

4

casework and desks (millwork) throughout the facility.  Plaintiff contracted with Industry Outfitters, Inc. to design, furnish and install all of the millwork for the project.  There was no formal signed contract between the parties.  Rather, the terms of the project were set forth in Industry Outfitter's December 3, 2007 cost estimate for $199,999.50.  After the work commenced, plaintiff ordered additional items from Industry that resulted in two additional invoices in the amount of $15,925.00 and $15,075.50.  Thus, the total contract price was $231,000.00.

Following the installation, the veneer surfaces on the millwork delaminated.  Mantello contacted MMC Millwork to provide a proposal of the amount to repair/replace the millwork.  Todd McClurg, MMC's project manager, visited the site and observed doors, drawers and finished cabinet ends delaminating due to an "adhesion issue".  McClurg opined that the damage was so extensive that the only viable option was to replace the millwork.  On May 31, 2012, MMC provided a written proposal in the amount of $164,650.00.

Mantello avers that additional work is necessary to complete the project including repairs to the adjacent floor and wall surfaces consisting of patching, painting and covering.  Mantello states that he cannot provide a precise estimate for the cost of this work because the millwork has not actually been removed.  However, based upon his experience in the construction field, the cost of these items is estimated at $25,000 to $30,000.00.

Accordingly, plaintiff seeks judgment in the amount of $124,650.00 which takes into consideration the $70,000.00 payment plaintiff received as part of a settlement with Greenbank and Zytek.

## DISCUSSION

5

The issue before the court is the amount of damages, if any, to which plaintiff is entitled. The court must ensure that there is a factual basis for the damages sought, and may do so either by conducting a hearing or relying on affidavits and other documentary evidence. *See* Fed. R. Civ. P. 55(b); *Transatl. Marine Claims Agency, Inc. v. Ace Shipping Corp.*, 109 F.3d 105, 111 (2d Cir.1997). "Plaintiff[] bear[s] the burden of establishing entitlement to recovery and thus must substantiate [it's] claims with evidence to prove the extent of [it's] damages. *Maldonado v. La Nueva Rampa, Inc.*, 2012 WL 1669341, at *2 (S.D.N.Y. 2012) (citing *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992)). Requests for replacement costs must be reasonable and therefore, require a detailed explanation to support expense estimates. *Id.* at *9; *see also Compton Greaves, Ltd. v. Shippers Stevedoring Co.*, 776 F.Supp.2d 375 (S.D. Tex. 2011) (a plaintiff suing for damage to personal property may elect repair damages instead of valuation damages, but plaintiff must prove that costs of repair were reasonable and necessary).

"Under New York law, the party seeking to recover damages for injury to real property must prove them by establishing either the reasonable cost of repair or the diminution in market value as a result of the occurrence." *Fireman's Fund Ins. Companies v. F.J. Sciame Co., Inc.*, 1993 WL 13652724, at *2 -3 (S.D.N.Y. 1993). Only one measure of damages need be proven and, upon such proof, the burden shifts to the opposing party to prove that another measure of damages yields a lesser amount which will nonetheless adequately compensate the party seeking to recover. *Id.* (citing *Jenkins v. Etlinger*, 55 N.Y.2d 35 (1982)).

Here, plaintiff has provided two affidavits from Mantello, invoices from Industry, a line-by-line proposal by MMC, photographs and a letter from McClurg with his opinion regarding the replacement of the millwork. MMC's proposal includes a detailed description of the work to be performed on all cabinetry including the Retail Tower Units, Reception Desk, Styling Stations,

6

Color Lab Assembly Room, Manicure Tables, Counters, Treatment Room and Wet Spa. The proposal also includes engineering, sampling, delivery, installation and finishing. The Court has reviewed all submissions and finds that plaintiff's evidence provides a sufficient basis for damages. The evidence establishes that the total cost to replace the millwork can be substantiated at $164,650.000. Mantello estimates that the cost of "finishing" the project will be $25,000.00 to $30,000.00. Mantello bases his assessment on his experience in the construction field and his experience as a chief estimator. Mantello also avers that he was personally involved in this project and oversaw the construction. Thus, the Court awards plaintiff an additional $25,000.00 for finishing work.

## CONCLUSION

Accordingly, it is hereby

**ORDERED**, that the Clerk of the Court is directed to enter judgment for plaintiff in the amount of $119,650.00.

**IT IS SO ORDERED.**

Dated:  November 1, 2012
         Albany, New York

_____
Mae A. D'Agostino
U.S. District Judge